THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN RIDLEY, Defendant-Appellant.

First District (1st Division)    No. 77-33

Opinion filed April 10, 1978.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Joan S. Cherry, and Thomas X. Smith, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, John Ridley, was charged with theft from Mary Newton of property of the value of less than $150 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)), found guilty after a bench trial and sentenced to two years probation. He appeals, contending that he was not proved guilty beyond a reasonable doubt.

Mary Newton testified that at about 2:30 p.m. on May 23, 1976, she was at home at 6943 South Wolcott, Chicago, and was awakened after hearing

some noises in her house and seeing shadows moving by her bedroom door. She was not alarmed and went back to sleep. About 3 p.m. her mother came home and discovered that the house had been burglarized. Mary Newton went to the basement and discovered that a lock had been broken off the door where she kept her Sears stereo component set with two large speakers. This set and speakers, together with five eight-track tapes and some records were missing. She called the police and reported the theft.

On July 30, 1976, she looked in the basement of the house next door at 6945 South Wolcott, occupied by the Ridley family, and saw her stereo set, speakers and tapes. She notified the police, who recovered her property identified by her and returned it to her in August. On cross-examination, she stated that she had not seen the burglary. She also testified that although two speakers and five tapes were stolen from her, she signed a complaint against defendant alleging four speakers and eight tapes were stolen. Before the start of the trial, the complaint was amended to cover two speakers. She kept the four speakers and the eight tapes the police had returned to her. Some of her mother's tapes had also been stolen. She further testified that she didn't know whether defendant lived at 6945 South Wolcott. She did know that he went there and that his mother, sister and brother lived there.

Chicago Police Officer Gerald Beam testified that on July 30, 1976, he and his partner went to 6945 South Wolcott with a search warrant. Theron Ridley, defendant's brother, was sitting on the front porch. They asked him if he lived there and when he said that he did, they served a copy of the search warrant on him and advised him they were going to search the home. They did and found the property listed in the warrant in a bedroom in the basement, recovering one Sears component stereo set, four speakers, eight-track tapes and some record albums. Mary Newton subsequently identified the property. The officers asked Theron whose room it was and he said it was the defendant's bedroom. The officers also found a wallet on the dresser of the bedroom. The wallet contained several documents on which defendant's name appeared.

Officer Beam further testified that on August 12, 1976, after obtaining an arrest warrant for defendant, he and his partner, Ted Nykasa, went to the Ridley home. Defendant's mother answered the door and stated that defendant was not home at that particular time. She stated, in response to a question, that the room in which the property was recovered was defendant's. The police gave her a card and asked her to have defendant contact them. She said if and when she saw him she would give him the card and ask him to call them. About 4:30 p.m. that day, defendant went to the police station, was arrested and given *Miranda* warnings.

Defendant denied any knowledge or ownership of the property and that the room in which it was found was his.

Officer Beam testified on cross-examination that the basis for the arrest warrant for defendant was the finding of the wallet in the room with the stereo and the statement of defendant's brother that the room was defendant's. He also testified that the brother, Theron, was arrested for possession of stolen property and referred to the Juvenile Court.

Defendant's mother, Mrs. Alberta Ridley, testified that on July 30, 1976, she rented the apartment at 6945 South Wolcott and lived there with three of her children, Brayleen, Gammey and Theron. The defendant, her son John, was not living with her at that time. He had lived there over a year before when she first moved to that address. He visits her there. She testified that she had not told Officer Beam that the room in which the stereo was found was defendant's. When he asked her if defendant was there, she said he wasn't and, when asked if he lived there, she said he did not. She said she didn't know the stereo was there. On cross-examination she stated that the room in which the stereo was recovered was Theron's, and not defendant's. She further testified that defendant lived with his girl friend, Brenda Kirsee, in the 6700 block of Hermitage.

Defendant testified that since July of 1975 he had lived at 6746 South Hermitage with Brenda Kirsee and her two dependent children. Before then he had lived at 6945 South Wolcott. When he lived there, his bedroom was down front near Theron's. He stated that he did not know Mary Newton personally and had not taken her property. He did not know how the stereo came to be in his mother's apartment. He has a Sears stereo of his own at the Hermitage Avenue address. He went to the police station voluntarily.

Defendant further testified that he left his wallet at his mother's when he played basketball, in order not to lose it. He left it in a dining room area, not the room where the stereo was. He came back to his mother's a day or so later. The room in which the police found the stereo and his wallet was Theron's, not his. He stated that he didn't recall, but it was possible that he left an address if someone wanted to reach him. When he cashed checks he used his mother's address.

Brenda Kirsee testified that she, defendant and her two children had lived at 6746 South Hermitage since July 3, 1975. Since then defendant had possibly visited his mother as many as 200 times. There was a stereo with speakers in her apartment. She further stated that the bedroom on South Wolcott in which the stereo was found was defendant's before he had moved in with her. She had been in that apartment and in that room several times, but had not been in the apartment since July, 1975.

Officer Beam testified that he had arrested Theron for possession of stolen property.

The State contends that defendant was found guilty beyond a reasonable doubt because the evidence showed that he was in exclusive, unexplained possession of recently stolen property.

■■ Constructive possession is enough to convict for theft (*People v. Walker* (1964), 54 Ill. App. 2d 365, 204 N.E.2d 141, *appeal denied* (1965), 31 Ill. 2d 631), but if the place where the goods were found was equally accessible to others who were capable of having committed the theft, an inference of defendant's guilt cannot be made from that fact alone. *People v. Robbins* (1974), 21 Ill. App. 3d 317, 315 N.E.2d 198.

■■■ The evidence upon which the State relies to connect defendant with the room where the property was found was: defendant's wallet was found in the room with the stolen property; testimony of a police officer that defendant's mother and brother had told him that the room in which the property was found was defendant's; and defendant's use of his mother's address when cashing checks. This evidence was insufficient to show that the defendant had exclusive possession of that room. Defendant testified that he had left his wallet in another part of his mother's apartment so that he wouldn't lose it while he played basketball nearby.

Officer Beam's testimony that defendant's mother and brother Theron had told him that the room was defendant's was hearsay. An objection to the testimony concerning Theron's statement was sustained and defendant's mother denied that she had so stated; in fact, she had told Officer Beam that defendant did not live there and that the room in which the property was recovered was Theron's, not defendant's.

Defendant testified that the room was not his but Theron's and that since July of 1975 he had lived at 6746 South Hermitage with Brenda Kirsee and her two dependent children and only visited his mother. Brenda Kirsee corroborated his testimony.

The use by defendant of his mother's address for the purpose of cashing checks had no necessary connection with the place of his actual residence. It could well have been only because he was living with a woman with two "dependent" children.

In addition, the police had no personal knowledge of where defendant resided. The complaining witness could not testify that defendant lived in his mother's apartment. Defendant testified that he did not take complainant's property and did not know how it came to be in his mother's apartment. The room was accessible to defendant's mother and her three children who lived there, one of whom was defendant's brother Theron. Except for the hearsay testimony of the police officer, the testimony was that the room was not defendant's but that of his brother Theron. It was the latter who gave the police officer permission to enter the room. Theron was arrested for possession of stolen property.

The evidence is so unsatisfactory as to raise a reasonable doubt of defendant's guilt.

Judgment reversed.

McGLOON and BUCKLEY, JJ., concur.